**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>STEVEN GOMEZ,<br><br>   Defendant. | Case No. 26-cr-0308 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 7/1/2026 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on July 1, 2026, held a detention or release hearing for defendant Steven Gomez.  The Court concluded that the Government established a basis to detain the defendant under the Bail statute, as explained further below.

Gomez was arrested in this District after being charged first by Criminal Complaint (Dkt. 1) and later by Indictment (Dkt. 8) returned by the Grand Jury for a felony charge of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The accused Defendant is presumed innocent of the charge; entered a not guilty plea; and nothing in this order may be construed as evidence of his guilt.  Both parties were advised of their right to appeal this decision.  Gomez was previously advised of his rights.  He appeared at the detention hearing with his appointed counsel, AFPD Jessica Yu.

The parties and the Court were assisted by a pre-bail report dated June 24, 2026, prepared by Pretrial Services. Dkt. No. 7. Pretrial Services recommended release on a combination of conditions, including a $10,000 bond and placement in a halfway house. Two family members of the accused were present but did not volunteer to serve as custodians or sureties to secure release. Crime victims were allowed to address the Court under the Crime Victims Rights Act. The AUSA reported that no victims or victim advocates wished to address the Court.

The parties agreed that there is no presumption of detention arising from the charge or the Defendant's criminal record.

Considering all the factors under the Bail Reform Act, 18 U.S.C. § 3142(g), the Court determined that the Government did not meet its burden to establish by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the accused person (Gomez resides locally, has family locally, and no criminal record or failures to appear); but did establish by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. As to the nature and circumstances of the offense charged, it is a crime against minors and the allegations and evidence presented in the Government's motion for detention (Dkt. 10) are extremely concerning. In favor of release to the community, the Defendant has no criminal record, familial support (but no proferred bail resources) and is amenable to placement at a halfway house and treatment. On the other hand, the Defendant has a long period of unemployment and no proferred bail resources. The weight of the evidence is the least significant factor, but here the Government proferred evidence from a search and statements by the accused that weigh in favor of detention. On balance, given the seriousness of the current charge, the dangerousness to minors from release, and the weight of the evidence, the Court finds that the Government met its burden in support of detention by more than clear and convincing evidence.

The defendant Gomez is committed to the custody of the Attorney General or his

designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The next Court date is August 25, 2026, 9:00 a.m. before the presiding U.S. District Court Judge Beth Labson Freeman. Dkt. 11.

IT IS SO ORDERED.

Date: July 2, 2026

Nathanael M. Cousins
Chief United States Magistrate Judge